CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 0 5 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| EARNEST BRADLEY HALL,<br>Petitioner, | )<br>)<br>) | CASE NO. 7:17CV00156 |
| v. | )<br>) | **MEMORANDUM OPINION** |
| WARDEN, USP MARION,<br>Respondent. | )<br>)<br>) | By: Hon. Michael F. Urbanski<br>Chief United States District Judge |

Earnest Bradley Hall, a federal inmate[1] proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on a judgment by the Giles County Circuit Court. Respondent filed a motion to dismiss Hall's § 2254 petition, and Hall responded, making the matter ripe for disposition. After review of the record, the court concludes that Hall's petition is time-barred and procedurally defaulted without excuse, requiring the motion to dismiss to be granted.

## I. Background

On June 5, 2006, the Giles County Circuit Court convicted Hall of three counts of carnal knowledge under Va. Code § 18.2-361, and sentenced him to ten years and twelve months in prison. Hall did not pursue postconviction review.

On January 13, 2017, Hall filed the current § 2254 petition, alleging that his convictions were invalid because (1) § 18.2-361(A) is facially unconstitutional under the

---

[1] Hall is in federal custody pursuant to federal convictions in the Eastern District of Kentucky. See United States v. Hall, No. 7:14-cr-02-ART (E.D. Ky. Nov. 25, 2014). At the time of his federal conviction, Hall was on probation from his Giles County Circuit Court convictions. Hall has already served the initial sentence of his Giles County convictions, but he is still subject to future custody by Virginia authorities for violating his probation. Although Hall initially filed his 28 U.S.C. § 2254 petition in the United States District Court for the Eastern District of Kentucky, proper jurisdiction for his petition is the federal district where the state court that convicted him and whose "custody" he is challenging is located; thus, the case was transferred to the Western District of Virginia. See 28 U.S.C. § 2241(a), (d).

Fourteenth Amendment and Lawrence v. Texas, 539 U.S. 558 (2003); and (2) § 18.2-361 is unconstitutional as applied to him.

## II. Time-Bar

Under the Anti-terrorism Effective Death Penalty Act (AEDPA), a one-year period of limitation for federal habeas corpus runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petitioner can "toll" the federal habeas statute of limitation in two ways: statutory tolling and equitable tolling. Statutory tolling occurs when a petitioner files a state habeas petition within the federal habeas limitation period. The federal habeas statute of limitation is then tolled for the duration of the state habeas proceeding. 28 U.S.C. § 2244(d)(2). Equitable tolling only occurs when a petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544, U.S. 408, 418 (2005)).

Hall did not pursue direct or collateral review; therefore, his federal habeas statute of limitations under § 2244(d) expired in 2007. Hall argues that his petition is timely because

2

Lawrence and MacDonald v. Moose, 710 F.3d 154 (4th Cir. 2013) stated a new constitutional rule and reset the statute of limitations under § 2244(d)(1)(C). However, neither case is availing. Lawrence had no effect on Hall's limitation period because the Supreme Court decided the case in 2003, three years before Hall's conviction. Moreover, even if the court accepts that Moose reset the federal habeas statute of limitations under § 2244(d)(1)(C), the "new" period still would have expired in 2014; Hall did not file his petition until 2017.

Furthermore, Hall has not demonstrated that he is entitled to tolling. He did not pursue any review before his federal habeas petition, and he has not proffered any evidence showing that he pursued his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing.

### III. Exhaustion and Procedural Default

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999)). To meet the exhaustion requirement, a petitioner "must have presented to the state court both the operative facts and the controlling legal principles." Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002) (internal quotation marks and citation omitted). "A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present

3

it to the state court." Baker, 220 F.3d at 288 (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)).

Hall never presented his claims to the Supreme Court of Virginia because he did not pursue direct review or state habeas. Moreover, he cannot return to state court to properly exhaust his claims because the time for both direct and collateral review has expired. See Va. Sup. Ct. R. 5:9; Va. Code § 8.01-654(A)(2). Therefore, Hall's claims are exhausted but defaulted under Baker.

"If a claim is defaulted, then petitioner must fail on that claim unless he can show that cause and prejudice or a fundamental miscarriage of justice might excuse his default." Bell v. True, 413 F. Supp. 2d 657, 676 (W.D. Va. 2006) (citing Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998)). The "cause" prong requires a petitioner to demonstrate that some "objective factor external to the defense impeded [] efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). The "prejudice" prong requires a petitioner to show that the alleged violation "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982).

Hall has not alleged any facts demonstrating that objective factors impeded him from raising his claims at an earlier stage, and he has not shown that any error worked to his actual and substantial disadvantage.

### IV. Fundamental Miscarriage of Justice Exception

The Supreme Court has also enabled federal courts to review untimely and/or procedurally defaulted habeas petitions if the petitioner makes a colorable claim of actual

innocence. See Schlup v. Delo, 513 U.S. 298, 324 (1995); McQuiggin v. Perkins, 133 S. Ct. 1924 (2013). However, for an actual innocence petition

> [t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with *new reliable evidence*—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

Schlup, 513 U.S. at 324 (emphasis added).

Hall cannot excuse his untimeliness and default under Schlup and McQuiggin because he has not proffered any "new" exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence demonstrating a colorable claim of actual innocence. He merely argues that he is exonerated because Lawrence and Moose invalidated Va. Code § 18.2-361; such a claim does not satisfy the requirements of the fundamental miscarriage of justice exception.

Therefore, the merits of Hall's claims are not entitled to federal review.[2]

---

[2] Hall's claims are also without merit. In 2013, the Fourth Circuit Court of Appeals held that Va. Code § 18.2-361(A) was "materially indistinguishable from the anti-sodomy provision" in Bowers v. Hardwick, 478 U.S. 186 (1986); therefore, the statute did not survive Lawrence. Moose, 710 F.3d 154, 163 (4th Cir. 2013). However, in 2015, the Supreme Court of Virginia declined the follow the majority in Moose, adopting an authoritative, narrowing construction of Va. Code § 18.2-361(A) so as to save it from invalidation:
> In accordance with the Lawrence decision, [Va.] Code § 18.2-361(A) cannot criminalize private, noncommercial sodomy between consenting adults, but it can continue to regulate other forms of sodomy, such as sodomy involving children, forcible sodomy, prostitution involving sodomy and sodomy in public. The easy to articulate remedy is that Code § 18.2-361(A) is invalid to the extent its provisions apply to private, noncommercial and consensual sodomy involving only adults.

Toghill v. Commonwealth, 289 Va. 220, 234, 768 S.E.2d 674, 681 (2015).

In Toghill's related § 2254 petition, the Fourth Circuit stated that the court was not bound by Moose because "prior to Moose . . . the Supreme Court of Virginia never directly confronted the question of whether it should adopt an authoritative, narrowing construction of the anti-sodomy statute." Toghill v. Clarke, 877 F.3d 547, 2017 U.S. App. LEXIS 25369 at *19 (4th Cir. 2017). Further, the Fourth Circuit held that the Supreme Court of Virginia's adoption of "an authoritative, narrowing construction of the anti-sodomy statute [] saves it from total invalidation," and that construction was not contrary to, or an unreasonable interpretation of, federal law. Id.

Here, Hall was convicted of sodomy involving a child. The court agrees with the Supreme Court of Virginia and the Fourth Circuit's analyses; therefore, Va. Code § 18.2-361(A) is no longer facially unconstitutional

## V.

For the reasons stated, the court **GRANTS** the motion to dismiss. Hall's petition is time-barred and procedurally defaulted without excuse. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Hall and to counsel of record for Respondent. Further, finding that petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is **DENIED**.

**ENTER:** This 5th day of January, 2018.

/s/ Michael F. Urbanski
Chief United States District Judge

---

under Toghill's narrowing construction, and Hall is not entitled to relief on the merits of his claims because Virginia is entitled to prohibit sodomy with minors under Lawrence. See Lawrence, 539 U.S. at 560 ("This case does not involve minors.").